# CIRCUIT COURT OF BALTIMORE CITY.

Filed January 22, 1908.

EX PARTE IN THE MATTER OF THE TRUST ESTATE OF FREDERICK FICKEY, DECEASED.

*J. Maulsby Smith* and *Michael A. Mullin* for Martha I. Fickey.

*J. Kemp Bartlett* and *C. L. Merriken* for Sarah E. Hopkins et al.

*Oscar Wolff* for the Charity Organization Society.

ELLIOTT, J.—

The contention in this cause has arisen relative to the division of the estate left by the late Frederick Fickey, Sr., who died in 1877, leaving a last will and testament, duly executed, and subsequently admitted to probate.

The said testator left surviving him seven children, all mentioned in the will, and all since deceased, with the exception of one daughter, Mrs. Sarah E. Hopkins.

Of the children who have died, but one, Ann Rebecca Miller, has left issue, although some of them have left last wills and testaments.

Of the seven children, hereinbefore alluded to, two sons, William H. Fickey and Andrew J. Fickey, seem not to have enjoyed the full interest and concern of their father, the testator, and while there was given by the father's will to the remaining five children, the power of disposing by will of their interest in their father's estate, such power was expressly reserved and prohibited so far as the said two sons were concerned.

There would be little or no occasion to resort to this Court for a construction of the will of the said Frederick Fickey, Sr., but for the claim made by Martha I. Fickey, widow, and sole legatee and devisee of the said Andrew J. Fickey where by the question is

raised as to the nature and quality of the estate taken by the said seven children of the said Frederick Fickey, Sr., under his will.

In the decision of the question mentioned there would be no difficulty, but for the differing and different constructions which have been placed upon a single clause of the will in question.

No one can read the will under construction without being impressed that it was prepared with a great deal of skill and care, and with an intention to provide for all conditions and contingencies that could arise or happen, and it would be interesting to analyze and apply its various provisions did occasion require it.

I shall, however, confine myself to the single provision already referred to. It is as follows: "I hereby authorize and empower the said trustee under this will, upon application in writing being made to him, by a majority of my said children (with the exception of my sons, Andrew J. Fickey and William H. Fickey, whom I wish excluded from the number having the right to so apply, it being my intention that they shall have no say whatever in the matter), to sell any part or the whole of my said estate, either at public or private sale, and upon such terms as he may think best, and to make and execute, in due form of law, to the purchaser or purchasers, good and sufficient deed or deeds therefor, and to divide the net proceeds of said sale among my said children, share and share alike, absolutely. But should a majority of said children, with the exception aforesaid, not make application for a sale as aforesaid, then I direct that said trustee, shall hold said estate in trust during the respective lives of my said seven children, and continue to pay over the rents, profits, and income as already hereinbefore specified. And in the event of his so continuing to hold in trust, then I direct that upon the death of my son, Andrew J. Fickey, his interest enure to the use and benefit of his surviving brothers and sisters, and be held in trust for them during the terms of their respective lives, with power, however, to said surviving brothers and sisters (with the exception of my sons, William H. Fickey), to devise and bequeath the same by last will,

In the event, however, of any of them dying intestate, then I direct that the interest of such intestate or intestates, in the portion of said Andrew J. Fickey, shall go absolutely to his, her, or their issue living at the time of the decease of said intestate or intestates (per stirpes)." In the event of there being no such issue then I direct that said interest of the intestate shall be held by the aforesaid trustee for the benefit of all the surviving brothers and sisters, but should any brother or sister have theretofore died leaving lawful issue, then the portion which said deceased brother or sister would take if living, shall go absolutely to said issue, living at the time of the death of the intestate "per stirpes."

In a subsequent portion of the will it is provided that the interests of his son, William H. Fickey, are to be held in trust "in precisely the same way, and subject to the same provisions and limitations, as in the case of my son, Andrew J. Fickey, it being my intention, in the event of the trust continuing during the life or lives of either or both of them, that neither of them shall have the power devising or bequeathing their said interest, so held in trust, by last will and testament."

Coming to the construction of the provisions just quoted it is worth while to call attention to some of the items set out in the agreed statement of facts filed in this cause on the 28th day of March, 1906.

(1) William H. Fickey died March 17th, 1880, unmarried, and without issue, though leaving a last will and testament.

(2) Andrew J. Fickey died May 28th, 1898, without issue, but leaving a widow, Martha I. Fickey, and also a last will and testament, bearing date March 28th, 1898, by which he left all his estate to his said widow, to whom he had previously under date of February 9th, 1893, conveyed all his estate.

(3) Of the remaining children of Frederick Fickey, Sr., Carolina V. Keys died intestate and without issue in September, 1877; Mary J. Schaeffer died without issue on July 11th, 1892, but leaving a last will and testament; Frederick Fickey, Jr., died February 21st, 1899, unmarried, and without issue, but leaving a last will and testa-

ment; Ann Rebecca Miller died January 2nd, 1903, leaving a daughter, Mary M. Miller, and also a last will and testament. The remaining child of the testator, Sarah P. Hopkins, still lives.

Stating these facts with reference to the provision of the will, it is to be noticed that previous to the death of William H. Fickey, only one child of the testator had died and she had died intestate and without issue, and that, therefore, subsequently to the death of the said William H. Fickey, there were no persons who could in accordance with said will, share in one way or other in the estate of said Fickey, Sr., except his remaining five children and the successors.

Between the death of William H. Fickey in 1880, and the decease of Andrew J. Fickey on May 28th, 1898, only one other child had died, namely, Mary J. Schaeffer, on July 11th, 1892, she having died without issue, but leaving a will, and it would seem clear that Andrew J. Fickey at no time before his death had ever become entitled to any other or greater interest in his father's estate, then he had at the time of his father's death, until he had derived it, either through the intestacy of his brother, William, and his sister, Mrs. Keys, or from his sister, Mrs. Schaeffer; Wm. H. Fickey had no right to make a will.

In considering the first supposition we must bear in mind that the testator had distinctly provided that in the event of his children dying intestate and without issue, the interest of said intestate was to continue to be held by the trustee for the benefit of the surviving brothers and sisters, and it is clear that the only way in which Andrew J. Fickey was benefitted by the death of William H. Fickey and Caroline V. Keys was to the extent of his share (2-5) of the income, which would have gone to William H. Fickey and Caroline V. Keys if they had been living.

And this is evidently the construction that has been heretofore adopted by this Court, because when in March, 1883, a sale was made of a portion of the estate, and an auditor's account was stated, the net proceeds were divided into five equal parts, one to each of the five children then living, and no provision was made for any part as belonging to the two children previous-

ly deceased, but the trustee continued to hold the balance of the estate, and divide the income among the said five children.

The account referred to is absolutely inconsistent with the theory, that the children of Frederick Fickey, Sr., took under his will an absolute and unconditional interest in his estate, and Andrew J. Fickey claimed under that account.

Then, in 1892, come the death of Mrs. Schaeffer who died without leaving issue, but leaving a will, which disposed of all her interest in her father's estate, whatever that may have been, so that, so far as that will was operative. Andrew J. Fickey took nothing by the death of Mrs. Schaeffer.

From 1892 until May, 1898, there was no change in the beneficiaries under Frederick Fickey, Sr.'s, will. Then came the death of Andrew J. Fickey, without leaving issue, but leaving a deed executed in 1893, and a will executed just two months before he died, by both of which he undertook to convey his interest in his father's estate, to his wife and widow, Martha I. Fickey, and under which she is now claiming. And this brings us to the real question in this cause.

What did Martha I. Fickey take under the deed of the will already mentioned?

Certainly she did not take anything except what her husband had a right to convey or devise, and so far as the present controversy is concerned, she took nothing except what his father's will had given him, or what he had taken despite that will.

The will had expressly provided that upon the death of Andrew J. Fickey his interest shall enure to the use and benefit of his surviving brothers and sisters, and be held in trust for them during the terms of their respective lives, and it had also distinctly provided that in the event of the trust continuing during the life of Andrew J. Fickey he was not to have the power of devising or bequeathing said interest.

It is, therefore, clear that the only interest which Andrew J. Fickey had under his father's will was a life estate in such portion of it as continued to be held under the trust and the right to share absolutely in the proceeds of

such sales as should be made during his life.

After the sale made in 1883, the trust continued without interruption, save as to the personnel of the trustee, until 1904, six years after Andrew J. Fickey had died, and after the income formerly payable to him had enured to his surviving brothers and sisters.

It cannot be, therefore, that any are entitled to share in the distribution of the funds now in the hands of the trustee, unless they come under the description of a son or daughter, or the issue of such, or the devisee or legatee of a deceased son or daughter having the power of such disposition.

Martha I. Fickey answers none of these descriptions, and must be excluded.

It may be desirable that the Court should indicate its views as to the proper distribution of the funds now in the hands of the trustee, and I shall do so in as few words as possible.

After the death of Andrew J. Fickey, there survived three children of Frederick Fickey, Sr. They were Frederick Fickey, Jr., Ann Rebecca Miller and Sarah E. Hopkins. These three undoubtedly succeeded to all the interest in the estate of their father, except what had been devised by their sister, Mrs. Schaeffer. In other words the three children named above, represented four-fifths of the estate, and if a sale had taken place, while these three were still living each would have taken an equal one-third of said four-fifths.

Two of these three have, however, since died. Frederick Fickey, Jr., in February, 1899, unmarried, and without issue, but leaving a will by which he devised, all the rest, residue and remainder of his estate which included what he took under his father's will, to his sister Ann Rebecca Miller, and—

On the 2nd day of January, 1903, Ann Rebecca Miller, being at the time entitled to her own share, and also the share devised to her by her brother, Frederick Fickey, Jr., leaving her last will and testament, by which she gave all her property, and estate of every kind, nature and description to her daughter, Mary Virginia Miller.

The proceeds of the sales now in the hands of the trustee are, therefore, to be distributed, one-fifth in accordance with the will of Mary J. Schaeffer,

four-fifteenths to Sarah E. Hopkins, eight-fifteenths to Mary Virginia Miller.

There remains but one subject to be considered, and that is the matter of the attorney's fees allowed, and the exceptions to these must be sustained.

The fee of $500, and that of $1,500, apparently over lapsed each other, and the court is of the opinion that whatever fee is to be allowed should cover the whole period during which the special services of a solicitor were required.

A decree will be signed in accordance with this decision.